# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TYSON DELANDRE PITTMAN,**

     **Plaintiff,**

**vs.**                            **Case No. 4:18cv229-MW/CAS**

**A.J. TONY SMITH, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, while detained in the Franklin County Jail, initiated this case by filing a pro se civil rights complaint.  ECF No. 1.  Plaintiff was granted leave to proceed in forma pauperis, ECF No. 6, and he paid the assessed initial partial filing fee.  ECF No. 7.

Prior to review of Plaintiff's complaint, ECF No. 1, which is required by 28 U.S.C. § 1915A, Plaintiff submitted an amended complaint.  ECF No. 5.  Only that pleading has been reviewed and, after review, it was determined that Plaintiff's amended complaint was insufficient.  ECF No. 8.  An Order was entered explaining the deficiencies with Plaintiff's amended complaint and Plaintiff was required to file a second amended complaint by

**November 8, 2018**.  ECF No. 8.  Shortly there after, Plaintiff filed a notice of change of address, ECF No. 9, and he was provided a generous period of time in which to file the second amended complaint.  At this point, he has not done so, nor has Plaintiff requested additional time in which to comply.  Plaintiff was warned that if he did not comply with that Order, a recommendation would be made to dismiss this case.  ECF No. 8.  Because Plaintiff has not complied, it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply

Case No. 4:18cv229-MW/CAS

with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

## Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on January 18, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**